```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/12/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Milton Barbecho, *et al.*,

                Petitioners,

     –v–

Thomas Decker, *et al.*,

                Respondents.

20-cv-2821 (AJN)

ORDER

---

ALISON J. NATHAN, District Judge:

    Petitioners Felipe Diaz Presbot, Fredy Olaya Lugo, Jose Molina, and Oliver de Jesus Garcia Alejo were previously detained by Immigration and Customs Enforcement ("ICE") at the Bergen County Jail, a facility with confirmed cases of COVID-19 among the detainee, inmate, and staff populations. They filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. No. 1, which they subsequently amended, Dkt. No. 31, requesting release from ICE custody due to the risks posed by COVID-19 to them, *see generally* Dkt. No. 31. On May 15, 2020, the Court granted an application for a temporary restraining order with respect to these Petitioners and ordered them immediately released from the Bergen County Jail on reasonable conditions. *See* Dkt. No. 54.

    In its May 15 Order, the Court ordered the parties to meet and confer and propose a briefing schedule, to the extent necessary, on the question of whether the temporary restraining order should be converted into a preliminary injunction. *See* Dkt. No. 54 at 16. The parties subsequently informed the Court that they did not believe further briefing was necessary, and

1

they rested on their prior papers.1  Dkt. No. 59.  On May 29, 2020, the Court found that good cause existed under Rule 65(b)(2) of the Federal Rules of Civil Procedure to extend the temporary restraining order an additional 14 days to June 12, 2020.  Dkt. No. 63.

Now before the Court is Petitioners' motion for a preliminary injunction.  For the reasons stated in both its May 15, 2020 Order granting an application for a temporary restraining order with respect to these Petitioners, Dkt. No. 54, as well as its May 11, 2020 Opinion and Order converting the temporary restraining order with respect to Petitioners not now before the Court into a preliminary injunction, Dkt. No. 50, the Court grants Petitioners' motion.  In short, the Court now concludes, as it did on the same record on Petitioners' application for a temporary restraining order, that these Petitioners have demonstrated that they are likely to succeed on the merits of their deliberate indifference claims and have established two distinct irreparable harms. *See* Dkt. No 54 at 3–11.  Furthermore, the balance of the equities and the public interest clearly weigh in their favor.  *See id.* at 11–12.  Thus, having satisfied all of the preliminary injunction factors, *see Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015) ("A party seeking a preliminary injunction must generally show a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest."), Petitioners Diaz, Olaya Lugo, Molina, and Garcia Alejo have established their entitlement to a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure.2

---

1 Specifically, the parties rested on their briefing with respect to the conversion of the first temporary restraining order, granted in favor of Petitioners not now before the Court, Dkt. Nos. 27–29, 32, as well as their briefing with respect to the temporary restraining order granted in favor of the Petitioners now before the Court, Dkt. Nos. 37, 41–44, 46.

2 Even were the Court to conclude that these Petitioners failed to meet all of the preliminary injunction factors, it would nonetheless order them to remain released because it previously released them on bail *pending final resolution of their habeas claims* pursuant to the Second Circuit's decision in *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001).  *See* Dkt. No. 54 at 12–15.  Accordingly, the Court holds, in the alternative to granting the motion for a

Accordingly, the Court GRANTS Petitioners' motion and CONVERTS the temporary restraining order in place with respect to Petitioners Diaz, Olaya Lugo, Molina, and Garcia Alejo into a preliminary injunction. These Petitioners shall remain released, subject to conditions to be set by the Court.

It is SO ORDERED that the parties shall meet and confer and propose reasonable conditions of release for each Petitioner by **June 17, 2020**.

SO ORDERED.

Dated: June 12, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge

preliminary injunction, that bail should remain imposed with respect to these Petitioners pending final resolution of their Petition.